UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SERAFIN LICOR, JR.,

    Petitioner,

v.                                                   Case No. 8:06-cv-1693-T-23TBM

JAMES McDONOUGH,

    Respondent.
                                               /

## O R D E R

Licor's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) challenges the validity of his state conviction for two counts of murder in the third degree, two counts of false imprisonment, one count of aggravated robbery, and one count of attempted robbery, for which convictions he was sentenced to thirty years imprisonment as a habitual violent felony offender. Licor previously challenged the validity of this same conviction. The petition was dismissed as time-barred. Serafin Licor, Jr., v. Harry Singletary, 8:98-cv-1865-T-23F. Licor's appeal of the dismissal was rejected (Doc. 25) based on the circuit court's determination that Licor had not shown the applicability of any exceptions to the one-year period of limitation.

Licor filed another petition for the writ of habeas corpus, which was assigned case number 8:02-cv-2063-T-17MSS. That petition was dismissed because Licor failed to show that he had received permission from the circuit court to file a second or

successive petition as required by Section 2244(b)(3).  Licor did not appeal that decision.

Licor again attempts to challenge the validity of the same sentences that were the subject of the two prior actions.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  See, Felker v. Turpin, 518 U.S. 651, 664 (1996), and Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999).  Licor fails to show that he has received permission from the circuit court to file a second or successive petition.

In his present petition, Licor represents that he recently concluded a state Rule 3.800 motion to correct illegal sentence.  A Rule 3.800 proceeding will toll the federal one-year limitation period.  Ford v. Moore, 296 F.3d 1035, 1040 (11th Cir. 2002).  However, only the time remaining of the one-year period is tolled.  Tinker v. Moore, 255 F.3d 1331, 1335, n.4 (11th Cir. 2001)("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."), cert. denied, 534 U.S. 1144 (2002).  Licor did not obtain a new one-year limitation period by simply filing another round of state post-conviction challenges.  Consequently, the present federal petition is time-barred absent a showing that Licor is entitled to a new period of limitation as authorized in Section 2244(d)(1), and Licor must submit his argument for a new period of limitation to the circuit court for permission to file a second or successive petition as required by Section 2244(b)(3).

Accordingly, this action is **DISMISSED** because of Licor's failure to comply with 28 U.S.C. § 2244(b)(3)(A). The motion for leave to proceed in forma pauperis is **DENIED** as moot. The clerk shall enter a judgment and close this action.

ORDERED in Tampa, Florida, on September 18, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro